UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE GILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| DICK'S SPORTING GOODS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, EDDIE GILL, by and through his undersigned counsel, ELLIS LEGAL, P.C., and WEBSTER & GARINO, LLC, and for his Complaint against Defendant, DICK'S SPORTING GOODS, INC. ("DICK'S"), alleges as follows:

## SUMMARY OF ACTION

1. Eddie Gill is a former NBA basketball player and current television broadcast analyst and business owner. Unbeknownst to Mr. Gill, Defendant DICK's, over a period of approximately ten years, used Mr. Gill's image as a form of "image advertising" in fifty-seven (57) of its sporting goods stores throughout the United States. DICK's used Mr. Gill's image without obtaining his prior authorization or providing him with any form of compensation. Mr. Gill now seeks to hold DICK's accountable, as its actions constitute violations of the Lanham Act, the Illinois Right of Privacy Act, and Illinois common law.

## THE PARTIES

2. Plaintiff Eddie Gill is an individual who resides and is domiciled in Indiana.

3. Upon information and belief, Defendant DICK's is a corporation domiciled in Delaware with its principal place of business in Pennsylvania.

**JURISDICTION & VENUE**

4. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, specifically the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, et seq.). The pendent state law claims are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution. The Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

5. The Court also has jurisdiction over Defendant pursuant to 735 Ill. Comp. Stat. Ann. 5/2-209(b)(4) because Defendant does business within Illinois and because a substantial amount of the conduct giving rise to this claim took place in, or was directed toward, Illinois.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. Upon information and belief, at least two of the DICK's Sporting Goods' stores displaying the unauthorized image of Mr. Gill are located in the Northern District of Illinois.

**FACTUAL BACKGROUND**

8. Mr. Gill's career was built on basketball. He first began playing the sport when he was six years old. After excelling in both high school and college, Mr. Gill began his professional basketball career in 2000 and did not retire until 2012. During his nearly thirteen-year-long professional career, Mr. Gill played for six different National Basketball Association ("NBA") teams and five different international teams.

9. Since retiring as a player in 2012, Mr. Gill has been the owner of All Out Training, LLC, where he trains youth basketball players, manages youth basketball camps, performs player evaluations, and runs after-school programs. Mr. Gill's clients seek him out for training in large

part due to his high level of basketball knowledge and experience that came from playing seven seasons in the NBA.

10. Mr. Gill also currently works for Fox Sports Indiana as the Indiana Pacers Pregame and Postgame Analyst, providing commentary for the network's television broadcasts of Pacers' games. Viewership includes the entire state of Indiana for all home and away games and is available nationally via select NBATV telecasts and various social media channels, such as Fox Sports Go, YouTube, Twitter, and Instagram. Mr. Gill has held this position since 2016.

11. In relation to his work as an Indiana Pacers' Analyst, Mr. Gill makes appearances on local and national podcasts and radio shows to discuss Pacers' basketball and related topics. He also makes appearances on television shows in Indiana for the same purpose.

12. Mr. Gill's third area of work, financial planning, is his day job. He presently works as a Financial Advisor with a financial services firm in Indianapolis.

13. Prior to playing basketball in college or at the professional level, Mr. Gill played for Overland High School in Aurora, Colorado, where he was an outstanding player for four years and was awarded All Conference and All State Honors as a Senior.

14. After graduating high school, Mr. Gill played college basketball for the College of Eastern Utah (1996 – 1997), Salt Lake Community College (1997 – 1998) (where he received his first team All-Conference Honors and was named to the Junior College All American Team), and Weber State University (1998 – 2000). In 1999, he led the Weber State Wildcats to a Big Sky Conference Championship, was named MVP of the Conference Tournament, and helped guide his No. 14-seeded Wildcats to a huge first-round upset over the No. 3-seeded University of North Carolina Tarheels in the NCAA Tournament. He turned professional in 2000.

15. During the course of his professional basketball career, Mr. Gill played for six NBA teams: the New Jersey Nets, Memphis Grizzlies, Portland Trailblazers, Indiana Pacers, Seattle Supersonics, and the Milwaukee Bucks.

16. In 2004, while playing for the Indiana Pacers in a game against the Detroit Pistons, Mr. Gill was involved in what became known as the "Malice at the Palace," which is widely regarded as the most infamous brawl between two teams in NBA history. During the brawl, Mr. Gill tried to separate players and break up the fight. As a result, he was one of only six players on the Pacers that avoided suspension and was allowed to play in the next game.

17. Mr. Gill also played professionally on five different European teams along with a variety of NBA Development League, also known as "D-League" teams.[1] In 2008, Mr. Gill was named a D-League All-Star, and in 2009, he was named the NBA D-League Player of the Year.

18. Due to his former career as a professional basketball player in the NBA, his current career as an NBA television analyst, and work as a youth basketball trainer, Mr. Gill is well-known. His name and image are inherently distinctive and recognizable to the general public and are moreover firmly associated with his successful basketball career and corresponding basketball expertise. Mr. Gill has built a strong reputation based upon his professional skills related to basketball which are further reflected in his endorsements, sponsorships, and business associations with third parties and commercial services that he personally provides.

19. Mr. Gill has also maintained a licensing deal with Nike in the past for the authorized use of his image in commerce in connection with a variety of services and goods.

---

[1] The NBA Development League or "D-League" was the former name for the NBA minor league. That same league is now known as the NBA G League.

20. Only Mr. Gill has the right to decide whether to associate his name, image, identity, or likeness with any third-party for purposes of business or product endorsements, sponsorships, or other professional associations.

21. On or about May 28, 2019, Mr. Gill became aware that an image of him playing basketball was being used without his consent in a DICK's Sporting Goods location. There is a basketball near Mr. Gill in the image and the image was placed near merchandize DICK's had for sale to consumers.

22. Upon further investigation, Mr. Gill learned that the nonconsensual use of his image was being used by DICK's in at least fifty-seven (57) different DICK's locations across the United States. These states included: Illinois, Pennsylvania, Tennessee, Georgia, Minnesota, Mississippi, Massachusetts, Ohio, Michigan, Connecticut, Arkansas, Florida, Oregon, Idaho, Iowa, South Carolina, Maryland, Kentucky, California, Wisconsin, Texas, New Jersey, North Carolina, Arizona, Colorado, Alabama, and West Virginia.

23. DICK's unauthorized use of Mr. Gill's image in its stores likely caused confusion amongst its consumers and/or actively misled them to believe that Mr. Gill endorsed, sponsored, or was associated with DICK's business and/or its products.

24. Upon information and belief, DICK's used Mr. Gill's image in its stores as a form of "image advertising" which was purposefully designed to promote and market DICK's business, brand, enhance the consumer shopping experience in its stores, and to ultimately increase the sales of its products.

25. As a result of its actions, DICK's has improperly profited from its unauthorized use of Mr. Gill's name, image, likeness, and reputation.

## FIRST CAUSE OF ACTION
### (False Endorsement – 15 U.S.C. § 1125(a)(1)(A))

26. Mr. Gill repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Mr. Gill is the owner and sole possessor of the rights associated with his name, image, likeness, and reputation, including his right to decide whether to associate his name, image, likeness, or reputation with any third-party for purposes relating to endorsement, association, or sponsorship.

28. DICK's used Mr. Gill's image, likeness, and/or identity without his consent in in fifty-seven of its store locations across the United States.

29. DICK's use of Mr. Gill's image, likeness, and/or identity constitutes false or misleading representations of fact to imply the endorsement of DICK's business and its products by Mr. Gill.

30. DICK's use of Mr. Gill's image, likeness, and/or identity further constitutes a form of image advertising designed to promote DICK's business, brand, activities and/or products, and to enhance and/or encourage the consumer or prospective consumer's shopping experience, for the purpose of increasing the likelihood a consumer will purchase DICK's products.

31. Upon information and belief, DICK's use of Mr. Gill's image, likeness, and/or identity caused confusion and deceived customers as to Mr. Gill's sponsorship and/or endorsement of DICK's business, brand, activities, and/or products. Specifically, DICK's use of Mr. Gill's image in store displays caused consumers to mistakenly believe that Mr. Gill is associated with DICK's or that he endorses DICK's or its products.

32. It is reasonable that consumers shopping at DICK's would be confused or deceived regarding whether Mr. Gill is associated with, or endorsed DICK's, because:

      a.    Mr. Gill was a professional basketball player that played in the NBA for approximately seven seasons and afterwards was, and remains, a TV analyst broadcasting Indiana Pacer's games; and,

      b.    Many consumers shopping at DICK's are basketball players, parents of basketball players, and basketball coaches, all who could easily have been NBA fans. It is therefore rational to conclude that many of DICK's consumers would have recognized Mr. Gill in the images, and assumed he endorsed, sponsored or associated himself with DICK's business or products.

33.    DICK's use of Mr. Gill's image, likeness, and/or identity constitutes a false designation of the source of sponsorship, approval, endorsement, or association which has deceived DICK's customers and potential customers into believing that DICK's business, brand, activities, and/or products are endorsed by or associated with Mr. Gill.

34.    Upon information and belief, DICK's knew that its use of Mr. Gill's image, likeness, and/or identity would cause consumer confusion as to Mr. Gill's sponsorship, endorsement, or association with DICK's, its business, brand, activities, and/or products. DICK's wrongful conduct as described herein was therefore willful.

35.    As a direct and proximate result of the acts of false endorsement set forth above, Mr. Gill has suffered actual damages in an amount to be proven at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages. Mr. Gill is entitled to the full range of relief under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, 1) an award of actual damages and the disgorgement of DICK's profits arising from its false and misleading acts; 2) an award of treble damages, as DICK's conduct in this case

was deliberate; 3) an award of reasonable attorneys' fees due to the exceptional nature of this case; and, his costs associated with prosecuting this action.

### SECOND CAUSE OF ACTION
#### (False Advertisement – 15 U.S.C. § 1125(a)(1)(B))

36. Mr. Gill repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. DICK's used Mr. Gill's image, likeness and/or identity as described herein without authority in order to create the perception that Mr. Gill was affiliated with DICK's, endorsed its business and activities, and/or consented to or authorized DICK's to use his image in order to advertise, promote, and market DICK's business and/or its products.

38. DICK's unauthorized use of Mr. Gill's image, likeness and/or identity to advertise, promote and market its business, activities, and/or products as described herein was false and misleading.

39. DICK's unauthorized use of Mr. Gill's image, likeness and/or identity as described in this Complaint constitutes false advertising by suggesting or implying, among other things, that Mr. Gill was affiliated with or endorsed DICK's, its business, activities, and/or products, or consented to or authorized DICK's usage of his image in order to advertise, promote, and market DICK's business, activities, and/or products.

40. DICK's false advertising described above had the capacity or tendency to confuse consumers, including actual and prospective customers of DICK's, as to whether Mr. Gill was affiliated or endorsed DICK's, its business, activities, and/or products, or consented to or authorized DICK's usage of his image in order to advertise, promote, and market DICK's business, activities, and/or products.

41. Upon information and belief, DICK's false advertising described above did, in fact, deceive and/or cause consumer confusion as to whether Mr. Gill was affiliated with or endorsed DICK's, its business, activities, and/or products, or consented to or authorized DICK's usage of his image in order to advertise, promote, and market DICK's business, activities, and/or products. Among other things, upon information and belief, such unauthorized use a form of image advertising that served to mislead and entice consumers and prospective consumers to purchase DICK's product and had a material effect and impact on the decision of consumers and prospective consumers to shop at and purchase products at DICK's.

42. DICK's used Mr. Gill's image without his consent in in fifty-seven of its store locations across the country.

43. DICK's unauthorized use of Mr. Gill's image, likeness and/or identity as described herein was designed to benefit DICK's business interests by, among other things, promoting its business, brand, activities, and/or products to consumers and potential consumers. Upon information and belief, DICK's use of Mr. Gill's image as a form of image advertising caused consumers and potential consumers to make more purchases of DICK's products.

44. DICK's knew or should have known that its unauthorized use of Mr. Gill's image, likeness, and/or identity would cause consumer confusion as described in this Complaint. DICK's wrongful conduct as described herein was therefore willful.

45. As a direct and proximate result of the acts of false advertisement set forth above, Mr. Gill has suffered actual damages in an amount to be proven at trial, but in all events not less than seventy-five thousand dollars ($75,000.00), exclusive of punitive and exemplary damages. Mr. Gill is entitled to the full range of relief under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, 1) an award of actual damages and the disgorgement of DICK's profits arising

from its false and misleading acts; 2) an award of treble damages, as DICK's conduct in this case was deliberate; 3) an award of reasonable attorneys' fees due to the exceptional nature of this case; and, his costs associated with prosecuting this action.

### THIRD CAUSE OF ACTION
(Illinois Right of Publicity Act – 765 ILCS 1075)

46. Mr. Gill repeats and realleges each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Mr. Gill has a right of publicity recognized under the Illinois Right of Publicity Act (the "Act") which provides that "[t]he right to control and to choose whether and how to use an individual's identity for commercial purposes is recognized as each individual's right to publicity." See, 765 ILCS 1075/10.

48. An individual's identity may not be used for commercial purposes during said individual's lifetime without prior written consent. See, 765 ILCS 1075/30.

49. For the purposes of the Act, "identity" means "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." See, 765 ILCS 1075/5.

50. Mr. Gill's identity by way of his photograph and/or image was used in fifty-seven of DICK's store locations by incorporating his image as part of its in-store advertising.

51. DICK's use of Mr. Gill's image was for a commercial purpose. Upon information and belief, DICK's used his photograph and/or image in connection with the sale of DICK's products, merchandise, and/or goods, as well as for the purpose of advertising or promoting DICK's products, merchandise, and/or goods.

52. At no time did Mr. Gill ever provide written or oral consent to DICK's for the use of his identity, image, and/or photograph for commercial purposes.

53. There are no exceptions listed in 765 ILCS 1075/35 that are applicable to DICK's conduct.

54. As such, DICK's has violated Mr. Gill's rights under 765 ILCS 1075/30.

55. DICK's violation of 765 ILCS 1075 was willful.

56. Accordingly, Mr. Gill is entitled to the full range of relief as provided under 765 ILCS 1075/40, including but not limited to, the greater of any award of actual damages, including profits derived from DICK's unauthorized use of Mr. Gill's identity or $1,000, and an award of punitive damages, reasonable attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Illinois Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/2)**

57. Mr. Gill repeats and realleges each and every allegation set forth in paragraphs 1 through 56 above as if fully set forth herein.

58. DICK's acts constitute unfair methods of competition and unfair or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 et seq., in that those acts created a likelihood of confusion or misunderstanding as to Mr. Gill's endorsement or approval of DICK's and/or its goods, or created a likelihood of confusion as to DICK's affiliation, connection or association with Mr. Gill.

59. DICK's conduct in violating the Illinois Consumer Fraud and Deceptive Trade Practices Act was willful and outrageous, and done with reckless indifference to the rights of others.

60. Mr. Gill has been damaged by DICK's wrongful conduct in that his image, likeness, and/or identity has been diluted, including the value and goodwill associated with his image, likeness, and/or identity, that he has acquired over the course of his career.

61. As a direct and proximate result of DICK's violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, Mr. Gill respectfully requests that relief be granted in his favor and against DICK's for actual damages sustained by Mr. Gill in an amount greater than seventy-five thousand dollars ($75,000.00), along with punitive damages, reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
**(Unjust Enrichment)**

62. Mr. Gill repeats and realleges each and every allegation set forth in paragraphs 1 through 61 above as if fully set forth herein.

63. DICK's retained a direct benefit from Mr. Gill by utilizing his image in its in-store advertisements and/or marketing materials for the purpose increasing its own sales.

64. Mr. Gill did not consent to this implicit endorsement, nor did he wish to be associated with DICK's.

65. At the time of filing this Action, DICK's has not provided Mr. Gill with any form of compensation in return for its unauthorized used and subsequent profiting off of his image. DICK's use of Mr. Gill's image in their stores without consent and without payment to Mr. Gill violates the fundamental principles of justice, equity, and good conscience.

66. Mr. Gill is entitled to damages consistent with the benefit construed upon DICK's for the use of his image without his permission and without compensating him for such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eddie Gill respectfully requests a judgment against Defendant DICK's Sporting Goods, Inc., for all relief that Mr. Gill is entitled to pursuant to the Lanham Act, the Illinois Right of Publicity Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and under Illinois common law, and for any further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 29, 2020                                                Respectfully submitted,


                                                                     By: /s/ Robert S. Seer
                                                                     *One of the Attorneys for Plaintiff*

John C. Ellis (ARDC #6286102)
Robert S. Seer (ARDC #6327578
ELLIS LEGAL, P.C.
200 West Madison St., Suite 2670
Chicago, Illinois 60606
(312) 967-7629
(312) 767-3279
jellis@ellislegal.com
rseer@ellislegal.com

William J. Webster (29086-29)
Carla V. Garino (20895-49)
WEBSTER & GARINO, LLC
115 North Union Street
Westfield, IN 46074
(317) 565-1818
wwebster@websterlegal.com
cgarino@websterlegal.com

*Attorneys for Plaintiffs*